In The United States District Court For The Western District of Oklahoma

William L. Harding
    plaintiff

v                                  case ~~CIV~~ 21-CIV-516 JD

Oklahoma Department of Corrections. et.al

Response to Defendant Motion to Dismiss and for Summary Judgment and Brief in Support. (Number (2) Two)

   Petitioner William L. Harding comes before this court in above said case fully objecting the defendants motion to dismiss and summary judgment.
   The petitioner ask this court to apply the response filed in CASE # 21-CIV-842 JD that was consolidated with 21-CIV-516-JD, with the following case law support. Also

to apply all aspects as to Anthony Wiechec.

(1) Exhaustion of Administrative Remedies

Jones v. Bock, 549 U.S. 1999 (2007) eliminates the burden of proof on a prisoner to plead and prove exhaustion of administrative remidies under the Prison Litigation Reform Act

Haywood v. Drown (2009) Struck down a New York State legislative attemp to the jurisdiction from New York to hear claims base on 42 USC 1983. The attemp to shield correctional offerse from personal liability violated the Supremacy clause

Hudson v. Dennely, 538 F. Supp 2d 400 (D.Mass 2008).
Prisons and its employees must follow its own rules

3 of 14

Zarco v. McQueen, 185 Fed Appx. 638 (9th Cir. 2008)
Failed to respond to grievance: deemed admin. remedy exhausted

Baylis v. Taylor, 475 F. Supp 2d 484 (DC. Del 2007)
grievance returned unresolved: deemed admin. remedy exhausted

Whittington v. Ortiz, 472 F.3d 804 (10th Cir 2007)
waited 196 day for response: deemed admin. remedy exhausted

Garcia-Comach v. Maldonado, 243 Fed Appx. 880 (5th Cir 2007) give prison officials the requisite for opportunity to resolve or address a problem that later formed the basis for case,. i'e file civil rights complaint with the State attorney generals office that in turn informed the department of correction with chance to resolve issues

2.            Failure To State a Claim                4/6 14

    As stated a proved by federal documents. The plaintiff was issued a W1099 tax form from Joseph Harp Furniture Factory per Oklahoma Department of corrections. please note W1099 within the record.

    The defendants nor their attorneys has objected nor disputed this fact, therefore it must be taken as true. This being so the plaintiff holds liberty in his claims of civil rights violations. SEE. Bell v. Wolfish, 441 US 520, 60 L.Ed.2d 447, 99 S.Ct 1860 (1979)

    A prisoner is not stripped of constitutional rights (protection) at the prison gate, but, rather he retains all the rights of an ordinary citizen except those expressly, or by necessary implication taken from him by law

2a | Discrimination | 5 of 14

First and foremost this court has already file these case unde 42 USC 1983 which the defendants are all well aware of. The plintiff in his last response set forth facts and acts of racial discrimanation against himself. The defendants are also aware that the complaint was filed against the in their official and individual capacities. SEE.
Hafer v. Melo, 502 US 21, 116 LEd2d 301, 112 SCt 358 (1991)
State officials held subject to personal liability for damages under 42 USC 1983 based on official acts, where § 1983 actions were brought against officials in their individual capacities

Santos v Frederick County BD. OF COM'RS., 725 F.3d 451 (4th 2013)
(1) plaintiff may bring a § 1983 action — against governmental officials in their official or representative capacity

(2) Unlike with governmental officials sued in their individual capacity, qualified immunity from suit under § 1983 does not extend to municipal defendants or governmental employees sued in their official capacity

Tatum v. Moody, 768 F3d 806 (9th 2014)
Under § 1983 a person is responsible for the natural consequences of his actions

Browder v. City of Alburquerque 787 F3d 1076 (10th cir 2015)
Section § 1983 permits citizens to sue for any assault on their constitution rights that occurs under color of state law

Please note that not one of the defendants are officials according to law. None of them were voted in by the people of Oklahoma nor appointed by the

governor or mayor of Oklahoma, they are more employees of the Oklahoma state government, not officials as to law.

Furthermore O.D.O.C. and Joseph Harp Furniture Factory are not individuals but entities and are subject to suit. See: Hidden Village, LLC v. City of Lakewood, OHIO, 734 F3d 519 (6th 2013) City was not eligible for qualified immunity from civil rights suit because it was not an individual

3. Constitution Violations

Plaintiff was laid in and ultimently discharged from the Furniture Factory (for filing grievance & civil rights complaint) by Anthony Wiechech and Alex Lunn. See: States Attachment "16" dated 9-24-2021 by Landon Langston, which clearly states retaliation from Alex Lunn & Anthony Weichech.

SEE, Spencer v. Jackson County Mo.

728 F3d 907 (8th Cir 2013)
The right to file a legal action is protected under the First Amendment.

Pell v. Procunier, 417 US 817, 41 L.E.2d 495, SCt 2800 (1974)
Prisoner retains First Amend. rights that are not inconsistant with incarceration.

Murell v. Shcool Dist. No. 1, Denver, Colo., 186 F.3d 1238 (10th Cir 1999)
Denials of equal protection by Municipal entity or any other person acting under color of state law are actionable under § 1583

Rouse v. Benson, 193 F3d 936 (8th Cir 1999)
The equal protetion clause extends to prison inmates.

Eckert v. Town of Silverthorne, 258 F3d 1147 (10th Cir 2001)
To comport with equal protection clause, the law cannot be administerd such

as to have an evil eye and an uneven hand.

Jacobs, Visonsi & Jacobs Co. v. City of Lawrence, Ks. 927 F2d 1111 (10th Cir 1991)
(1) The equal protection clause essentially requires that all persons similarly situated be treated alike.
(2) Equal protection violations occurs when government threats someone differently than another who is similarly situated.

US v. Mason, 774 F3d 824 (4th Cir 2015)
The equal protection clause prohibits selective enforcement of the law (or rules of penal institution) based on consideration such as race, (color or creed).

4          Immunity                              10 of 14

Procunier v. Navarette, 434 US 555, 55 LEd2d 24, 98 SCt 855 (1978)
   Prison officials not immune from liabilities from official acts when motivated by malicious intent to deprive prisoner of constitutional rights.

Smith v. Wade, 461 US 30, 75 LEd 2d 632, 103 SCt. 1625 (1983)
   Prison officials could be personally liable in civil rights action for actions taken in course of his office
   "Smith grants punitive damages"

Scheuer v. Rhodes, 94 SCt 1683, 1686-87 (1974)
   11th Amendment does not immunize state officials for actions taken in their individual capacities

Alden v. Maine, 119 SCt 2246 (1999)
   A State's sovereign immunity does not bar all suits against state officers

Morton v. Kirkwood, 707 F3d 1276 (11th Cir 2013)
Qualified immunity does not apply where the facts show that the official violated the plaintiffs constitutional (civil) rights and where the law clearly established those rights at the time of the alleged misconduct.

Harris v. Serpas, 745 F3d 767 (5th Cir 2014)
Qualified immunity protect officers from suit... unless their conduct violates a clearly established constitutional (civil) right.

Borms v. US, 759 F3d 793 (7th Cir 2014)
No State has sovereign immunity vis-a-vis the national government

as to all other claims please refer to the plaintiffs response to the first of Defendants Motion to dismiss and Summary Judgment

In closing the following is case law for Summary Judgment

Cooper v. Pate 84 Sct 1733 (1964)
Court must accept allegations in pleadings as true

Adickes v. Kress & Co. 90 Sct 1598 (1970)
On motion for summary judgment, court is required to resolve all ambiguities and draw all factual inferences in favor of party against whom summary judgment is sought.

Crawford v. Britton, 118 Sct 1584 (1998)
Long-term prison inmate, who — sought damages from corrections officer (employee) based on constitutional claim that required proof of improper motive, was not required to aduce clear and convincing evidence of improper motive in order to defeat officer's motion for Summary judgment.

Haines v. Kerner, 92 S.Ct. 594 (1972)
Complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

McGlone v. Bell, 681 F3d 718 (6th Cir 2012)
A motion to dismiss for failure to state a claim is disfavored, especially when one's civil rights are at stake

Apotex Inc. v. Acorda Therapeutics, Inc., 823 F3d 51 (2nd Cir 2016)
On a motion to dismiss for failure to state a claim, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor.

Nodine v. Shiley Inc. 240 F3d 1149 (9 Cir 2001)
Summary judgment is not proper if material factual issues exist for trial

The petitioner prays that with the case law in the response combined with the first response and Brief in Support will show & prove, that by law and facts that his constitution and civil rights were violated by all defendants within his civil rights complaint.

Respectfully Submitted

William L. Harding

dated June 13th 2022